## James B. Posey, Appellant, v. Commissioners of Highways et al., Appellees.

### (Not to be reported in full.)

Appeal from the Circuit Court of Marion county; the Hon. JAMES C. McBRIDE, Judge, presiding. Heard in this court at the March term, 1915. Affirmed. Opinion filed December 1, 1915.

### Statement of the Case.

Bill by James B. Posey, complainant, against the Commissioners of Highways *et al.*, defendants, in the Circuit Court of Marion county, to restrain defendants from encroaching on complainant's land, and from removing fences and cutting trees along certain roads and also to restrain defendants from prosecuting an action then pending at law. From the decree denying complainant relief prayed for, complainant appeals.

It appeared that complainant owned three tracts of land in Omega township, Marion county, Illinois, being the West Half of the Southeast Quarter of the Northeast Quarter, the West Half of the Northeast Quarter of the Southeast Quarter and the Northwest Quarter of the Southeast Quarter of Section 3. These tracts for convenience are referred to as Nos. 1, 2 and 3 respectively, in the order above named. No. 2 lies directly south of No. 1 and east of No. 3. It also ap-

peared that this road was first traveled through a wooded country and was not laid out, but was a line of travel not proceeding directly east and west, and having no particular boundaries. After the road had been traveled for thirty or forty years, the highway commissioners in 1897 employed Levi S. Meredith, then county surveyor, to survey and define the east and west road.

Meredith surveyed the road but made a mistake in running the line, but his survey included all parts of the so called line of travel, which was crooked and wandered from side to side of the forty-foot highway located by him. Complainant and others interested were present and acquiesced in the location. In March, 1911, the then highway commissioners caused a new survey by one Warner, then county surveyor, who ignored the Meredith survey, the line of travel, the fences and other evidences of the location of the road, and established the road twenty feet on each side of the half section line, so that at the point of intersection of the roads he fixed the corner of the three lots at a point twelve feet ten inches south and seven feet two inches east of the point where such corner was located by Meredith, and at the west end of the road he marked the corner of complainant's lot No. 3 at a point twenty-four and one-third feet south and fourteen and two-third feet east of the point where such corner was located by Meredith.

There was proof tending to establish the claim of defendants that Meredith was directed to survey the road on the half section line and mark it twenty feet on either side thereof for the highway, and that he attempted to do so but made an error in running the line. There was also proof tending to show that those who acquiesced in this survey of the road at the time it was made by Meredith did so because they thought the half section line correctly located and would not have done so if they had known that the line was not

correctly run on the half section line. Later in the same year that Warner made his survey, he went over it again with Toothacre, another surveyor, to verify it, and the two found the survey substantially correct, making only some minor changes of no material importance. Defendants rely on the Warner survey and are seeking to establish the boundaries of the highway as located thereby, while appellant claims the road as located by the former commissioners, according to the Meredith survey.

The court in the decree appealed from found that the surveyor Meredith located the road in 1897 in the presence of the then highway commissioners and the landowners, setting stakes on the north and south sides of the road, marking its boundaries, and that the road as surveyed and defined by Meredith became and was the highway and road near to and adjacent to the plaintiff's land; that the road as surveyed by Meredith is north of the line of fence which defendants tore down and removed prior to the bringing of this suit; that prior to the removal of the fence on complainant's land south of the road, about the time defendants were beginning to work on the road, complainant pointed out to them, and two other persons, the south line of the road as being along the line of what was afterwards known as the Warner survey, which was the line claimed by said commissioners as the south line of the road in this suit; that complainant was estopped from claiming that the line of the Warner survey was not the south boundary of the road and that he was not entitled to any relief as to the road; and it was decreed that the line of the east and west road was the line of the Warner survey and that the limits of the road were the limits as designated by the survey, and that the road is forty feet in width.

It appeared from all the proofs in the case that it was the intention of Meredith, at the time he made his survey, as it was of Warner later, to ascertain the half

section line and establish the boundaries of the road twenty feet north and south from such line as a center; that it was the intention of the commissioners at the time Meredith ran this line to lay out the road with boundaries extending twenty feet on each side of the half section line, and that the Meredith survey of the road was for the time asquiesced in, because it was supposed that he had correctly located such half section line. It appeared that some question arose as to the proper location of the road prior to the time the Warner survey was made, and at that time plaintiff went over the road with the commissioners, both at the east end and the west end thereof; that at that time, and also prior thereto, plaintiff cultivated his crops out into the highway and he then pointed out where he thought the line was and told the commissioners that they could grade the road to that line even if it took his crops; that the line so designated was the one which the Warner survey afterwards designated for the true line. The evidence on this point was somewhat confusing, as it referred to different objects along the line of road that are not clearly located.

KAGY & VANDERVORT, for appellant.

CHARLES H. HOLT and W. G. WILSON, for appellees.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

### Abstract of the Decision.

1. ESTOPPEL, § 103*—*when evidence sufficient to show estoppel by conduct from claiming that line of road as relocated not proper.* On a bill to restrain highway commissioners from encroaching on complainant's land, and from removing fences and cutting down trees along a line of road running through such land, evidence *held* sufficient to sustain a finding of the chancellor that complain-

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

ant was estopped by his conduct from claiming that the line of the road as relocated was not the true line.

2. ESTOPPEL, § 60*—*when property owner estopped to complain as to location of road.* One who has consented to the location of a road through his land cannot be heard to complain when the highway commissioners act on his consent and locate the road.

3. INJUNCTION, § 114*—*when prosecution of action at law should not be restrained.* In a bill to restrain highway commissioners from encroaching on plaintiff's land and from removing fences and cutting down trees along a line of road, *held* improper to restrain defendants from prosecuting a suit at law to recover a penalty in which defendants are entitled to a jury, where the main relief sought in the bill was refused on the ground that complainant was estopped to complain of the acts sought to be restrained.

4. EQUITY, § 9*—*when penalty will not be enforced in equity.* The matters involved in an action at law to recover a penalty where parties are entitled to a jury trial cannot be satisfactorily adjusted in a suit in equity brought to restrain the prosecution of such action.